**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 13 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GLEN JONES WARD, | No. 19-35279 |
| Plaintiff-Appellant, | D.C. No. 1:18-cv-00325-DCN |
| v. | |
| STATE OF IDAHO; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
David C. Nye, District Judge, Presiding

Submitted May 6, 2020[**]

Before:     BERZON, N.R. SMITH, and MILLER, Circuit Judges.

Idaho state prisoner Glen Jones Ward appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging Eighth Amendment

failure-to-protect claims and related state law claims. We have jurisdiction under

28 U.S.C. § 1291. We review de novo. *Watison v. Carter*, 668 F.3d 1108, 1112

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2012) (dismissal for failure to state a claim under 28 U.S.C.

§ 1915(e)(2)(B)(ii)); *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)

(dismissal for failure to state a claim under 28 U.S.C. § 1915A).  We affirm.

The district court properly dismissed Ward's Eighth Amendment failure-to-protect claim because Ward failed to allege facts sufficient to demonstrate that the individual defendants' actions, including vocalizing "Charge Check" over the prison's radio in connection with Ward's request for protective custody, posed a substantial risk of harm.  *See Lemire v. Cal. Dep't of Corrs. & Rehab*., 726 F.3d 1062, 1074 (9th Cir. 2013) (setting forth elements of a failure-to-protect claim).

The district court properly dismissed Ward's claims against the State of Idaho, the Idaho Department of Corrections, and the Idaho State Correctional Center as barred by Eleventh Amendment immunity.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (the Eleventh Amendment bars suits against states or its agencies or departments absent their consent to be sued); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (state agencies such as the Department of Prisons are immune from suit under the Eleventh Amendment).

The district court properly dismissed Ward's state law claims because Ward failed to allege facts sufficient to state a plausible claim.  *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, plaintiff must present factual allegations sufficient to state a plausible claim for

19-35279

relief); *see also Yoakum v. Hartford Fire Ins. Co*., 923 P.2d 416, 421 (Idaho 1996) (finding no private right of action in state criminal statutes).

The district court did not abuse its discretion in denying Ward's requests for appointment of counsel because Ward failed to demonstrate "exceptional circumstances" warranting the appointment of counsel. *See Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (setting forth standard of review and "exceptional circumstances" standard for appointment of counsel).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

We do not consider facts or documents that were not raised before the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

All pending motions and requests are denied.

**AFFIRMED.**